IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE EDWARDS,

    Petitioner,

v.                                       CASE NO. 4:06-cv-376-RH-AK

JAMES R. MCDONOUGH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Willie Edwards.[1] Though Petitioner has been released from custody, he remains under supervision, *see* www.dc.state.fl.us, and thus, the "in custody" requirement is fulfilled, and this cause is not moot. Respondent has filed a response, Doc. 12, and the time for filing a reply has expired without further argument from Petitioner. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

**BACKGROUND**

    Petitioner was convicted by a jury of simple battery and giving a false name or identification to an officer. He was also found to have had prior battery convictions, which made him eligible for an enhanced sentence for felony battery. He was sentenced to five years

---

[1] This cause was administratively reassigned to the undersigned on September 7, 2007. Doc. 13.

imprisonment. Both Petitioner and the State appealed. The court of appeal affirmed. *State v. Edwards*, 889 So.2d 77 (Fla. Dist. Ct. App. 2004).

Petitioner then filed a motion for post-conviction relief, raising five claims of ineffective assistance of appellate counsel and two claims of ineffective assistance of trial counsel. The court denied the motion without evidentiary hearing. Petitioner appealed that ruling, which was affirmed. *Edwards v. State*, 911 So.2d 102 (Fla. Dist. Ct. App. 2005).

The instant petition followed. On this occasion, Petitioner raises two claims: (1) that the court erred in determining that the charge was properly and adequately charged or pled in the information, and (2) that this error violated Petitioner's due process rights. Doc. 1.

## **DISCUSSION**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

While the question of the adequacy of the information was addressed in state court, *see* Doc. 12, Ex. A, C, and E, it was raised only as an issue of state law. A habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution). Thus, Petitioner's first claim for relief, which is raised purely as an issue of state law, should be denied.

As to a related due process claim, none was presented to the state court at any stage of the proceedings. Thus, this claim is not exhausted. It is, however, technically exhausted since Petitioner may not now return to state court to exhaust the claim. However, Petitioner has not shown cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrated that failure to consider the due process claim will result in a fundamental miscarriage of justice. Thus, the second claim

should also be denied.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __19th__ day of May, 2008.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**